JOHN ROGERS AND OTHERS, APPELLANTS, v. THE ROCHESTER, HORNELLSVILLE & PINE CREEK RAILROAD COMPANY, AND OTHERS, RESPONDENTS.

*When the General Term, on appeal from a judgment, is bound by a decision of the same General Term on an appeal from an order in the same action—power of the legislature to cure defects in a petition on which town bonds have been issued.*

This appeal was taken from a judgment dismissing the complaint in this action, which was brought to have certain railroad bonds, issued by the town of Greenwood, canceled on the ground that an act (ch. 638, of 1874), which undertook to cure certain irregularities in the petition for their issue, was invalid. Upon the hearing of the appeal, it appeared that the validity of the bonds, and of the act in question, had already been passed upon by the General Term of the Fourth Department, upon an appeal from an order, made in this action, continuing a temporary injunction granted therein, and that the judgment below conformed to this decision.

*Held*, that the former decision of the General Term should be accepted as final and conclusive.

Where a petition, presented by the tax-payers of a town, for leave to issue town bonds to aid in the construction of a railroad, was defective in not

stating that the corporation, which it was proposed to aid, was a railroad company in this State, as required by the act authorizing their issue, but was in all other respects sufficient, and all the proceedings were regular. *Held,* that the legislature had power to pass an act curing this defect in the petition and validating the bonds issued upon it.

APPEAL from a judgment entered on the report of a referee, dismissing the complaint herein.

The action was brought by certain tax-payers of the town of Greenwood, Steuben county, under chapter 161 of the laws of 1872, for the cancellation of certain bonds, purporting to have been issued by the said town, under the town bonding acts, in aid of the construction of the Rochester, Hornellsville & Pine Creek Railroad Company, and for an injunction, *pendente lite,* restraining all proceedings for the payment of the said bonds.

*H. L. Comstock* and *William Rumsey,* for the appellants.

*George B. Bradley,* for the respondents.

SMITH, J.:

The defendants insist that the curative statute passed in 1874 (L. 1874, chap. 638) validated the bonds in question, and is a complete defense to the action. Other defenses were set up, but this is the only one to which it is necessary to advert.

The validity of the statute is questioned by the appellants. It is plain that if it is valid, the plaintiffs have no cause of action, and the judgment should be affirmed.

This court has already passed upon the statute referred to, and adjudged that it was valid, in this very case, *sub nomine Rogers* v. *Smith* (5 Hun, 475), on appeal from an order continuing the temporary injunction.

It is insisted on the part of the plaintiffs, that the decision of a court upon an order continuing or vacating an injunction is not decisive either as to the facts or the law upon the final hearing of the cause. In general, that is probably the rule, but I think it does not apply to the circumstances of this case. On the appeal from the order there were no disputed facts: the only question involved was that of the constitutionality or validity of the act;

and that question, and that alone, was passed upon by the court, in a well-considered opinion, after an exhaustive argument by counsel. The opinion was written by Mr. Justice GILBERT, and concurred in by the presiding justice, E. DARWIN SMITH, and Mr. Justice MERWIN. The judgment now appealed from cannot be reversed without overruling that decision, and under the circumstances the adjudication of our predecessors must be regarded as settling the question for this case in this court. (Revell v. Hussey, 2 Ball & B., 286 ; Ram on Legal Judgment, 292.)

The plaintiffs' counsel suggest that the decision in 5 Hun proceeded upon an erroneous idea of the law, as since settled. This suggestion has reference to the apparent conflict between the case of *Duanesburgh* v. *Jenkins* (57 N. Y., 177), which had then been recently decided, and the cases of *The People* v. *Batchellor* (53 Id., 128), *Williams* v. *Duanesburgh* (66 Id., 129), and *Horton* v. *Town of Thompson* (71 Id., 513) ; the latter cases holding that the legislature has not power to *compel* a town, without its consent, to issue its bonds or contract a debt in aid of a railroad company. But all the cases agree that the legislature may, by a subsequent act, validate an irregular exercise by a town of a power to bond itself in aid of a railroad company previously conferred upon it. The only defect alleged in the proceedings to bind the town of Greenwood, was that the petition of the tax-payers omitted to state the fact that the corporation which it was proposed to aid was a railroad company *in this State*. (*People* ex rel. *Rogers* v. *Spencer*, 55 N. Y., 1.) In all other respects the petition was sufficient ; the requisite consents had been obtained, and the proceedings were regular. I am not aware of any case holding that the Legislature has not power to cure a defect of that nature. At any rate, our predecessors in this department have held that the power exists, and I think that their decision should be accepted as conclusive upon us.

The judgment should be affirmed with costs.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.